UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

KARINA HERNANDEZ, ET AL.,

     Defendants.

_____/

Case No.  11-20076

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE PAUL J. KOMIVES

**ORDER DENYING DEFENDANTS' MOTION IN LIMINE [114], MOTION FOR
DISCOVERY [115],  MOTION FOR DISCOVERY [116], MOTION FOR BILL OF
PARTICULARS [126], MOTION FOR DISCLOSURE [130],  AND MOTION TO SEVER
[136], AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION
TO SUPPRESS [135]**

Before the Court are Defendants' Motion in Limine to Exclude or Limit Testimony of an

Expert [114], Motion for Discovery/Translation of Witness Statements [115], Motion for

Discovery/Disclosure of 404(b) Evidence [116], Motion for Bill of Particulars [126], Motion for

Disclosure/In Camera Review of Grand Jury Proceedings [130], Motion to Suppress Similar Act

Evidence [135], and Motion to Sever [136].  The Court heard argument on these motions at a

hearing held on November 15, 2011.

**Defendants' Motion in Limine to Exclude or Limit the Testimony of Plaintiff's Expert Dr.
James Teener [114]**

Defendants move to exclude or limit the testimony of Plaintiff's proposed expert Dr. James

Teener, on the grounds that Dr. Teener's testimony is not relevant under Fed. R. Evid. 702, and is

more prejudicial than probative under Fed. R. Evid. 403.  Dr. Teener is Professor of Neurology at

the University of Michigan.  Defendants have been indicted for submitting false claims to Medicare,

particular nerve conduction studies, that the government contends were medically unnecessary.  The

government has stated that Dr. Teener will be giving general testimony concerning nerve conduction testing, under what circumstances it is considered appropriate to engage in nerve conduction testing, and who is qualified to perform said testing.

Defendants argue that Dr. Teener should be limited to providing a general description of nerve conduction studies. Defendants argue that Dr. Teener should be prohibited from giving his opinion as to best practices of nerve conduction testing as practiced by him at the University of Michigan's clinic. Defendants argue that medical necessity is specific to each patient, and is not a matter for "statistical analysis or argument." Defendants argue that it would be inappropriate for an expert to testify as to that fact that typically primary care physicians do not perform nerve conduction studies, and that non-physicians do not do so at the University of Michigan clinic. Defendants argue this information is "irrelevant," or is more prejudicial than probative. Defendants note that Dr. Teener has not reviewed information specific to the case, such as results, files, clinics, operators, etc.

Dr. Teener's proposed testimony is as to standard medical practice with respect to a specific procedure, nerve conduction studies. Defendants do not actually challenge Dr. Teener's expertise in this area, but rather seem to challenge the idea that *any* expert can opine about "best practices" when a particular test is being discussed. It is clear that experts may testify as to the common uses of particular medical tests; further, experts may offer their opinion that "certain practices, established by other evidence, were beyond scope of legitimate medical practice." *United States v. Hughes*, 895 F.2d 1135, 1145 (6th Cir. 1990). To the extent that Defendants wish to argue that Dr. Teener lacks expertise, they may do so a trial, and such argument will go to weight rather than admissibility.

Accordingly, Defendants' Motion in Limine [114] is **DENIED**.

**Defendants' Motion for Translation of Witness Statements [115]**

Defendants request that 175 pages of witness statements be translated into Spanish so that Defendants may read said statements in preparation for trial. In response, the government notes that said statements were provided more than five months ago, and that verbal translation services are available if Defendants need assistance translating the statements in preparation for defense. The Court also notes that verbal translation is standard practice. The time required to allow written translation of 175 pages of witness statements would unnecessarily delay trial. Defendants are not prejudiced by a lack of written translation.

Accordingly, Defendants' Motion for Translation [115] is **DENIED**.

**Defendants' Motion for Disclosure of 404(b) Evidence [116] and Motion to Suppress "Similar Acts" Evidence [135]**

Defendants' two motions essentially concern the same issue: Defendants argue that the government must disclose any evidence the government intends to introduce at trial regarding co-conspirators, regardless of whether said co-conspirators were charged or named in the indictment, and concerning any prior "bad acts" or prior or subsequent criminal history not charged in the indictment or as part of the charged conspiracy. Defendants also argue this evidence should be suppressed because it is more prejudicial than probative.

Defendants' concern is that the government plans to introduce evidence of the alleged involvement of various of the Defendants in several clinics that operated in Miami, Florida. The Court notes that Defendants both claim to have not received sufficient disclosure from the government, but also argue in a detailed manner that the government's evidence should be suppressed. Defendants discuss in detail the clinics that the government will present evidence about, which Defendants were allegedly involved at said clinics, and even the government witness who will

testify as to the alleged links of the various Defendants to said clinics. Defendants argue that the jury may become confused by the evidence introduced about the Miami clinics, and thus may "convict the defendant [Marieva Briceno] not for the crimes with which she is charged, but some other perceived crime . . . ." Defendants also contend that evidence of past bad acts that is admissible should nevertheless be inadmissible as applied to particular Defendants who are not alleged to have been involved in said past bad acts.

The government argues in response that it has already provided all the 404(b) evidence it intends to use at trial, and thus argues that Defendants' motion for disclosure is moot. In its response to Defendants' motions, the government detailed its intended use of evidence that certain Defendants were involved in the operation of clinics in Miami, Florida, and that said clinics allegedly billed various services that are commonly used by fraudulent clinics engaged in Medicare fraud. The government further argues that the machines used in certain of the Miami clinics were later shipped to Detroit for use in the clinics at issue in the instant case. The government contends that this evidence constitutes evidence of a common scheme or plan to defraud Medicare, and should be admitted for this purpose. The government also argues that, should this Court decide that said evidence is not part of a common scheme or plan to defraud Medicare, some evidence should nevertheless be admissible to demonstrate the intent and knowledge of certain Defendants of Medicare fraud.

Fed. R. Evid. 404(b) provides as follows:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial

notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Before a court may admit 404(b) evidence, it must determine that the evidence is admissible for one of the proper purposes stated in Rule 404(b), rather than for an improper purposes, such as proving a Defendant's "character." The Court must then determine whether the probative value of the evidence outweighs and prejudicial effect the evidence may have. *United States v. Vincent*, 681 F.2d 462, 465 (6th Cir. 1982).

The Court finds that the government has sufficiently disclosed to the Defendants the 404(b) evidence the government intends to introduce at trial; the government's disclosure and description of the evidence is more than sufficient for Defendants to prepare their defense at trial. Thus, to the extent that Defendants' Motion for Disclosure [116] is not moot, it is **DENIED**.

With respect to Defendants' motion to suppress, the Court does not agree with the government's contention that evidence of the Miami clinics should be admissible as being part of a common scheme to defraud Medicare. The Court finds that discussion of the alleged Medicare fraud at the Miami clinics is not "necessary to complete the story of the crime on trial." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000). Not all of the Defendants are alleged to have participated in any fraud that may have taken place at the Miami clinics; moreover, while some aspects of the instant case are similar to the alleged scheme at the Miami clinics, the connections between the two schemes are too remote to constitute a single common scheme.

However, the Court does agree that evidence of the role of individual Defendants in the alleged scheme in Miami is admissible under Rule 404(b) to demonstrate the intent and knowledge to defraud Medicare, as well as to demonstrate a lack of mistake or accident. The Court finds that this evidence is not intended to demonstrate "character" or "propensity" but rather to demonstrate

the alleged knowledge of the Defendants of Medicare fraud. The Court is confident that a limiting instruction to the jury is sufficient to prevent any undue prejudice to Defendants, and that the probative value of said evidence outweighs and prejudicial effect. Accordingly, Defendants' Motion to Suppress [135] is **GRANTED IN PART AND DENIED IN PART.**

**Defendant Henry Briceno's Motion for a Bill of Particulars [126] and Motion for Disclosure/In Camera Review of Grand Jury Proceedings [130]**

Defendant Henry Briceno argues that the indictment merely "tracks" the statutory language and therefore does not provide him with sufficient information to prepare his defense; Defendant argues that the discovery provided to him by the government "does no more than indicate [that Defendant] provided refreshments . . . and engaged in various janitorially-related services," and does not provide "illumination on [Defendant's] purported fraudulent conduct." Based upon these allegations, Defendant Briceno (joined by a number of other Defendants) moves for a bill of particulars, and also moves to pierce the veil of secrecy surrounding grand jury proceedings, or in the alternative, to request *in camera* review of the grand jury proceedings to determine if the government's "failure to present some competent evidence" may result in dismissal of the charges against Defendant Briceno.

The government responds by noting that it has produced documents demonstrating that Defendant Briceno was listed as the President of one of the clinics at issue in the indictment, the residing agent for the Limited Liability Corporation registered with the State of Michigan, and the owner and sole signatory of a connected bank account. The government will also present evidence that Defendant Briceno joined the alleged conspiracy by applying to become a Medicare provider as President of the Manuel Clinic.

The Court finds that the government's disclosures during discovery, and the indictment itself, are sufficiently definite as to allow Defendant Briceno to be apprised of the nature of the charges against him and to prepare a defense to said charges. Defendant Briceno has not identified any particular prejudice that he has suffered because of supposed shortcomings in the indictment.

Accordingly, Defendant's Motion for a Bill of Particulars [126] is **DENIED**.

Morever, a Defendant must demonstrate "compelling necessity . . . for breaking the indispensable secrecy of grand jury proceedings . . . by establishing a particularized need rather than a general one." *United States v. Short*, 671 F.2d 178, 184 (6th Cir. 1982) (citing *United States v. Proctor & Gamble*, 356 U.S. 677, 681-82 (1958)). Defendant Briceno has not demonstrated any compelling necessity; the government has made specific allegations against Defendant Briceno and his co-defendants, and has set out some of the evidence it will use to prove these allegations at trial. Defendants generalized hope that there may be "some evidence" present to the grand jury that will lead to dismissal is not sufficient grounds to allow Defendant to inquire into the grand jury proceedings. Accordingly, Defendant's Motion for Disclosure/In Camera Review of the Grand Jury Proceedings [130] is **DENIED**.

**Defendant Marieva Briceno's Motion to Sever [136]**

Defendant Marieva Briceno argues that, should the Court permit evidence of the alleged involvement of certain Defendants in clinics in Miami, the Court should sever her trial from that of the other Defendants. She argues that, as she is not alleged to have been involved in some of the clinics, admission of the evidence regarding some of the Miami clinics would be inadmissible against her alone and will result in prejudice to her own defense.

In *Zafiro v. United States*, 506 U.S. 534, 539 (1993), the Supreme Court stated that "[w]e believe that, when defendants properly have been joined under Rule 8 (b), a district court should

grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). However, the Sixth Circuit has stated that "[j]oint trials are favored in this circuit and it is well-settled that defendants are not entitled to separate trials." *United States v. Tocco*, 200 F.3d 401, 413 (2000). Defendants face a "heavy burden of showing specific and compelling prejudice from having a joint trial." *Id.* Here, to the extent that she is not directly involved with the alleged operation of the Miami clinics, Defendant Briceno argues only that she may be associated with the alleged activities of the other Defendants at said clinics. The Court will follow the Supreme Court's directive in *Zafiro* that "less drastic measures, such as limiting instructions, will often suffice to cure any risk of prejudice." 506 U.S. at 537. A limiting instruction that the jury should consider only evidence that directly relates to Defendant Marieva Briceno or her role in the conspiracy will be sufficient to cure any prejudice.

Accordingly, Defendants' Motion to Sever [136] is **DENIED**.

The Court being fully advised in the premises, and for the reason stated above,

**IT IS HEREBY ORDERED** that Defendants' Motions [114], [115], [116], [126], [130], and [136] are **DENIED**. Defendant's Motion to Suppress [135] is **GRANTED IN PART AND DENIED IN PART.**

**SO ORDERED**.

 s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: January 25, 2012